IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SYLVESTER JONES, ) | |
| AIS #196149, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09-CV-597-ID |
| ) | [WO] |
| ) | |
| RICHARD ALLEN, et al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Sylvester Jones ["Jones"], a state inmate presently confined at the Bullock County Correctional Facility. In this complaint, Jones alleges the defendants violated his constitutional rights by failing to ensure the proper delivery of inmate mail. Jones bases his complaint on actions undertaken by the former mail clerk at Bullock. He requests issuance of an emergency injunction to stop the destruction of inmate mail. *Plaintiff's Complaint - Court Doc. No. 1* at 3. The court construed this request as a motion for preliminary injunction and required that the defendants show cause why such motion should not be granted. *Order of June 25, 2009 - Court Doc. No. 7*. The defendants filed the requisite response on July 13, 2009 (Court Doc. No. 16).

In their response, the defendants assert that a thorough investigation of the matter made the basis of the instant complaint has been conducted which revealed no evidence that Jones "had any destroyed mail...." *Affidavit of Rene Mason - Court Doc. No. 16-2* at 3. "In regard to the plaintiff's complaint to seek issuance of an emergency injunction 'that will stop the defendants from destroying (inmates) mail;' the only person (defendant) ever suspected or investigated for destroying any mail at Bullock Correctional Facility was the mail clerk, Ms. LeShandra Johnson. Ms. Johnson is no longer an employee at Bullock Correctional Facility or with the Alabama Department of Corrections." *Id*.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Jones demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an

extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III. DISCUSSION

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Jones has proven a substantial likelihood of success on the merits.

Having reviewed Jones' request for preliminary injunctive relief and all relevant evidentiary materials filed by the parties, the court concludes that Jones has failed to meet his burden as to this prerequisite. At this stage of the proceedings, Jones simply has not established a substantial likelihood of success on the merits. Jones also fails to demonstrate a substantial threat that he will suffer an irreparable injury absent issuance of a preliminary injunction; instead, the defendants have presented evidence establishing the lack of any threat to the plaintiff regarding his ability to receive mail. The third factor, balancing potential harm to the parties, appears to weigh more heavily in favor of the defendants. Finally, the public interest element of the equation is a neutral factor at this juncture. Thus, Jones has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before August 30, 2009 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be

considered by the District Court. The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done, this 17th day of August, 2009.

>/s/ Susan Russ Walker
> SUSAN RUSS WALKER
> CHIEF UNITED STATES MAGISTRATE JUDGE