IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SYLVESTER JONES, #196149, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:09-CV-597-MHT |
| | ) [WO] |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Sylvester Jones ["Jones"], an indigent state inmate, challenging the destruction of an item of personal mail sent to him at the Bullock Correctional Facility ["Bullock"] in October 2008. Specifically, Jones complains that the former mail clerk at Bullock, LaShandra Johnson, attempted to destroy several items of mail addressed to various inmates and then placed the mail into the trash for disposal, including a letter addressed to him from Deborah Robinson. The court previously dismissed several defendants from this case on motion of the plaintiff. *Order of September 28, 2009 - Doc. No. 68*. The defendants remaining in this case are the aforementioned Ms. Johnson; Richard Allen, Commissioner of the Alabama Department of Corrections; Kenneth Jones, the warden of Bullock; Sandra Giles and Rene Mason, assistant wardens; and correctional officers Sylvester Nettles, Cedric Specks, Timothy

Scott, and Gwendolyn Babers.[1] Jones seeks injunctive relief and monetary damages for the alleged violation of his constitutional rights. *Complaint - Doc. No. 1* at 3.

## II. LACK OF SERVICE ON LASHANDRA JOHNSON

Jones sought service of LaShandra Johnson at Bullock. Service could not be perfected on LaShandra Johnson at the address provided by Jones. The court therefore attempted to obtain a proper address for LaShandra Johnson by directing counsel of record for the defendants to provide the court with the last known home address provided to correctional officials by Ms. Johnson, *Order of July 21, 2009, 2010 - Doc. No. 28*, and ordering the United States Marshal to "make a 'reasonable effort' to locate LaShandra Johnson." *Order of April 15, 2010 - Doc. No. 87*. Despite several attempts to serve LaShandra Johnson at various addresses provided to the court, service on Ms. Johnson was not perfected.

During the proceedings in this case, the court repeatedly advised Jones that it is his responsibility to provide the court with a correct address for the purpose of perfecting service on a defendant, informed him that he must monitor the case to ensure that all defendants had been served, cautioned him that the failure to perfect service on a defendant would result in the specific defendant's not being considered a party in this case, and specifically cautioned him that failure to perfect service on LaShandra Johnson would

---

[1] The designations assigned the defendants reflect the positions held by these individuals at the time this cause of action accrued.

result in dismissal of Ms. Johnson from this case. *Order of July 7, 2009 - Doc. No. 15*; *Order of July 22, 2009 - Doc. No. 31*; *Order of April 15, 2010 - Doc. No. 87*.[2]

The time period allowed for perfecting service of process on LaShandra Johnson expired in October of 2009. The court, however, did not dismiss the action with respect to LaShandra Johnson upon expiration of this time period and, instead, allowed additional time for perfection of service on Ms. Johnson, with the last order regarding an attempt to serve Ms. Johnson being entered on April 15, 2010. In spite of the additional time provided for service on LaShandra Johnson and the attempts of the United States Marshal to obtain addresses for this individual, service was not executed on LaShandra Johnson. Consequently, the court concludes that Jones' action against LaShandra Johnson is subject to dismissal without prejudice as service has not been properly perfected on Ms. Johnson.

### III. REMAINING DEFENDANTS

The properly served defendants filed special reports and supporting evidentiary materials addressing Jones' claim for relief. Pursuant to the orders entered in this case, the court deems it appropriate to construe these reports as a motion for summary judgment.

---

[2] Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made in a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period...." When a plaintiff fails to perfect service of process within the 120-day period, dismissal at that time is mandatory unless the plaintiff can show good cause or establish sufficient grounds for an extension of this time period. *Schnabel v. Wells,* 922 F.2d 726, 728 (11th Cir.1991) (interpreting the 120-day period as it appeared in Rule 4(j), *Federal Rules of Civil Procedure*, the predecessor to Rule 4(m), *Federal Rules of Civil Procedure*).

3

*Order of September 22, 2009 - Doc. No. 67*. Thus, this case is now pending on the motion for summary judgment filed by defendants Allen, Jones, Giles, Mason, Nettles, Specks, Scott and Babers. Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's response, the court concludes that the defendants' motion for summary judgment is due to be granted.

### IV. STANDARD OF REVIEW FOR SUMMARY JUDGMENT

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[3] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes

---

[3] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

4

demonstrate the absence of a genuine issue [-- now dispute --] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.") A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail

5

on the merits, he cannot prevail at the summary judgment stage." *Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). Consequently, to survive the defendants' properly supported motion for summary judgment, Jones is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations"

challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate.).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting

the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and establishes the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact.); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not

mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Jones fails to demonstrate a genuine dispute of material fact in order to preclude summary judgment in favor of defendants Allen, Jones, Giles, Mason, Nettles, Specks, Scott and Babers. *Matsushita*, *supra*.

## V.  DISCUSSION

### A.  Synopsis of Relevant Facts[4]

On the afternoon of December 30, 2008, inmates discovered several pieces of institutional mail in a waste receptacle and began examining the mail. Other inmates advised Lt. Cedric Specks of the matter and Specks attempted to locate this bag of mail. Upon finding the trash bag containing the mail, Specks began a review of the bag's contents and discovered money orders addressed to inmates Willingham, Hardnett, Spears and Burdette, portions of photographs, several pieces of mail addressed to Chaplain Steve Walker, loose stamps, pieces of mail, including legal mail, mangled request slips and torn envelopes. Specks placed these items in two paper bags in order to preserve the items as evidence.

The following morning Specks advised Capt. Sylvester Nettles and Warden Rene Mason of the incident. Mason and Nettles examined the items and attempted to piece together the money orders and photographs. Mason believed that the mail had been

---

[4] The material facts of this case are undisputed. The facts are gleaned from the complaint and the evidentiary materials, including a detailed incident report, filed by the defendants.

9

deliberately torn into pieces and placed in the trash for removal from the facility. Mason notified Warden Kenneth Jones of the matter and advised him that she begin an investigation regarding the mail at issue.

A few minutes into the morning shift, LaShandra Johnson entered the facility and Mason immediately summoned Johnson to her office. When Mason confronted Johnson with the pieces of mail and asked Johnson for an explanation "Johnson stated, 'I have no explanation.' ... [Upon a request from Mason for a written statement,] Ms. Johnson walked out of Warden Mason's office and quickly returned with a written statement that stated, 'On Tuesday, I, Ms. LaShandra Johnson, was cleaning up the mailroom, throwing away old items that were there. I threw away old stuff.' Ms. Johnson then departed Warden Mason'[s] office and the facility." *Defendants' Exhibit N (Incident Report) - Doc. No. 35-1* at 3 and 7 (Johnson's Handwritten Response). "It is against our mail procedures to destroy mail. All inmate mail that is a violation of [regulations] is rejected and the inmate is notified with a rejection notification letter which includes an appeal process. If the appeal is denied, the letter is returned to the sender or to the post office if it does not have a return address. Ms. Johnson did not have permission nor does she [have] the authority to destroy mail or dispose of mail in any other manner that is not authorized by policy or procedure. Money orders received in the mail are to be taken to the business office or placed in the business office mail box the day the money order is received...." *Id*. at 5;

*Defendants' Exhibit O (Administrative Regulation on Inmate Mail) - Doc. No. 35-15* at 1-12. "Ms. Johnson was ... advised that corrective action in the form of dismissal charges would be initiated against her. Ms. Johnson resigned her position at Bullock Correctional Facility before the [dismissal] action could be taken." *Defendants' Exhibit B (Affidavit of Sandra Giles) - Doc. No. 35-2* at 2. Correctional officials also contacted the United States Postal Inspector regarding Ms. Johnson's actions for possible investigation and prosecution. *Defendants' Exhibit N (Incident Report) Doc. No. 35-14* at 19.

### B.  Absolute Immunity

To the extent that Jones sues the defendants in their official capacities, they are immune from monetary damages. Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities."

*Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that the defendants are state actors entitled to sovereign immunity under the Eleventh Amendment for any claim seeking monetary damages from them in their official capacities. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994); *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

### C. Claims on Behalf of Other Inmates - Lack of Standing

In his complaint, Jones seeks to litigate claims on behalf of other inmates. Jones, however, lacks standing to pursue these claims. Standing is a cornerstone of American jurisprudence on which jurisdiction lies and requires that "a litigant may only assert his own constitutional rights or immunities." *McGowan v. Maryland*, 366 U.S. 420, 429 (1961), citing *United States v. Raines*, 362 U.S. 17, 22 (1960); *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 218-219 (1974) (plaintiff must assert a legally cognizable injury in fact before federal courts have jurisdiction). "The essence of a standing question is whether the plaintiff has alleged 'such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for the illumination of difficult constitutional questions[.]' *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703 7 L.Ed.2d 663 (1962)." *Saladin v. City of Milledgeville*, 812 F.2d 687, 690 (11th Cir. 1987); *Harris*

*v. McRae*, 448 U.S. 297, 320 (1981) (same).

Standing involves two aspects. The first is the minimum "case or controversy" constitutional requirement of Article III. *Saladin*, 812 F.2d at 690. "To satisfy this 'irreducible' constitutional minimum required for standing, a litigant must show 1) that he personally has suffered an actual or prospective injury as a result of the putatively illegal conduct; 2) that the injury can be fairly traced to the challenged conduct; and 3) that the injury is likely to be redressed through court action." *Saladin*, 812 F.2d at 690, citing *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 472 (1982); *Warth v. Seldin*, 422 U.S. 490, 499 (1975). If any element is lacking, a plaintiff's claim is not viable. In addition, the Supreme Court has established several requirements for standing based on prudential considerations. *Saladin*, 812 F.2d at 690 (internal citations omitted) ("The Supreme Court has ... stated that, in addition to these essential constitutional requirements, a court should consider the case in light of three principles which might counsel judicial constraint, referred to as 'prudential' considerations.... Those considerations are 1) whether the plaintiff's complaint falls within the zone of interests protected by the statute or constitutional provision at issue; 2) whether the complaint raises abstract questions amounting to generalized grievances which are more appropriately resolved by the legislative branches; and 3) whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests

of third parties").

Under well-settled law, Jones lacks standing to assert the constitutional rights of fellow inmates, as he is not "asserting his ... own legal rights and interests [but] rather ... the legal rights and interests of [a] third part[y]." *Saladin*, 812 F.2d at 690; *Allen v. Wright*, 468 U.S. 737, 751 (1984). Thus, these claims provide no basis for relief.

### D. Violation of Administrative Regulations

To the extent that Jones bases his complaint on a violation of the administrative regulation governing inmate mail, he is entitled to no relief. A violation of departmental rules or policies does not constitute a violation of an inmate's constitutional rights. *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995); *Harris v. Birmingham Board of Education*, 817 F.2d 1525 (11th Cir. 1987).

### E. Respondeat Superior

Jones seeks to hold defendants Allen, Jones, Giles, Mason, Nettles, Specks, Scott and Babers liable for the action of LaShandra Johnson in destroying a piece of his personal mail. The law, however, is clear "that Government officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of *respondeat superior* [or vicarious liability].... *Robertson v. Sichel,* 127 U.S. 507, 515–516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ('A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or

servants or other persons properly employed by or under him, in the discharge of his official duties'). Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) ("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."); *Marsh v. Butler County*, 268 F.3d 1014, 1035 (11th Cir. 2001) (supervisory official "can have no respondeat superior liability for a section 1983 claim."); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir.2003) (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999), citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of respondeat superior or vicarious liability). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S at 677, 129 S.Ct. 1949. Thus, defendants Allen, Jones, Giles, Mason, Nettles, Specks, Scott and Babers are liable to Jones only if they "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation." *Cottone v. Jenne*, 326

F.3d 1352, 1360 (11th Cir. 2003) (citation omitted).

It is undisputed that defendants Allen, Jones, Giles, Mason, Nettles, Specks, Scott and Babers did not personally participate in the destruction of the plaintiff's letter. Based on the foregoing, these defendants may be held liable in this § 1983 action only if their actions bear a causal relationship to the purported violation of Jones' constitutional rights. To establish this causal connection and therefore avoid entry of summary judgment in favor of the defendants, Jones must present sufficient evidence which would be admissible at trial of either "a history of widespread abuse [that] put[] [the defendants] on notice of the need to correct the alleged deprivation, and [they] fail[ed] to do so...." or "a ... custom or policy [that] result[ed] in [the violation of] constitutional rights, or ... facts [that] support an inference that [Allen, Jones, Giles, Mason, Nettles, Specks, Scott and Babers] directed [LaShandra Johnson] to act unlawfully, or knew that [Johnson] would act unlawfully and failed to stop [her] from doing so." *Cottone*, 326 F.3d at 1360 (internal punctuation and citations omitted). A thorough review of the pleadings and evidentiary materials submitted in this case demonstrates that Jones has failed to meet this burden.

The record before the court contains no evidence to support an inference that the defendants directed Ms. Johnson to act unlawfully or knew she would act unlawfully and failed to stop the action. In addition, Jones has presented no evidence of obvious, flagrant or rampant abuse of a continuing duration in the face of which defendants Allen, Jones,

16

Giles, Mason, Nettles, Specks, Scott and Babers failed to take corrective action. While Jones makes a conclusory assertion with respect to general inmate complaints regarding mail delivery, this allegation, without more, is insufficient to establish the requisite causal connection regarding his claim against defendants Allen, Jones, Giles, Mason, Nettles, Specks, Scott and Babers. Finally, the evidentiary materials submitted by the defendants demonstrate that the action about which Jones complains did not occur pursuant to a policy enacted by the defendants; rather, the applicable policy specifically prohibited the action undertaken by the mail clerk. Thus, Smith has failed to establish liability under the custom or policy standard. *Cf. Employment Div. v. Smith,* 494 U.S. 872, 877, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990); *Turner v. Safely,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Consequently, neither method of establishing liability under the causal relationship test provides a basis for liability under § 1983. Summary judgment is therefore due to be granted in favor of defendants Allen, Jones, Giles, Mason, Nettles, Specks, Scott and Babers.

## VI.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The complaint against LaShandra Johnson be dismissed without prejudice as service was not perfected on this individual.

2. The motion for summary judgment filed by defendants Allen, Jones, Giles,

Mason, Nettles, Specks, Scott and Babers be GRANTED.

3.  The complaint against defendants Allen, Jones, Giles, Mason, Nettles, Specks, Scott and Babers be dismissed with prejudice.

4.  Judgment be GRANTED in favor of defendants Allen, Jones, Giles, Mason, Nettles, Specks, Scott and Babers.

5.  This case be dismissed.

6.  No costs be taxed herein.

It is further

ORDERED that on or before September 21, 2012, the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner, 66*1 F.2d at 1209 (adopting pre-October 1, 1981 opinions of the Fifth Circuit as binding precedent).

    DONE, this 7th day of September, 2012.

                        /s/ Susan Russ Walker
                        SUSAN RUSS WALKER
                        CHIEF UNITED STATES MAGISTRATE JUDGE